FILED

2017 Oct-04  PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

**MICHELLE HALL,**

    **PLAINTIFF,**

**V.**                                                    **CIVIL ACTION NO.:**

**TEACH ME BEAUTY LLC,**                    **JURY TRIAL DEMANDED**

    **DEFENDANT.**

## COMPLAINT

### I.    JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA. Plaintiff further brings this action for breach of contract and work and labor done that occurred when Defendant failed to pay her under the compensation agreement it promulgated during the course of her employment.

### II.    PARTIES

2. Plaintiff Michelle Hall (hereinafter "Plaintiff"), is a resident of Pinson, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this

case. Pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District of Alabama, Southern Division.

3.   Defendant, Teach Me Beauty LLC., (hereinafter "Defendant" or TMB) is a company registered and doing business in the State of Alabama.  Therefore, this Court has personal jurisdiction over Defendant.  Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

## III.   STATEMENT OF THE FACTS

4.   Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

5.   Defendant hired Plaintiff on or about November 8, 2016.

6.   Defendant employed Plaintiff as a Patient Coordinator.

7.   Plaintiff's hourly wage was $16.00 per hour.

8.   During the course of her employment, Defendant required Plaintiff to come to work at approximately 8:30 a.m., each day and routinely work until 6:00 p.m., each day.

9.   Although Defendant told Plaintiff that she would be given a one-hour lunch break each day, she was routinely prohibited from taking a full hour lunch break.

10.   Defendant typically scheduled Plaintiff to work five days per week.

11. Despite requiring Plaintiff to work in excess of 40 hours per week, Defendant did not pay the regular rate of pay or overtime compensation for the hours that Plaintiff worked.

12. On or about July 7, 2017, Plaintiff notified Jennifer Sides, owner of TMB, that she would be quitting.

13. After Plaintiff quit, she was due a final paycheck for the work week that ended July 7, 2017.

14. To date, Defendant has failed or refused to pay Plaintiff her final paycheck.

15. To date, Defendant has not paid straight or overtime pay for the hours that Plaintiff worked in excess of 40 in one or more workweeks during Plaintiff's employment.

16. At all times during the employment relationship, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

17. During the three years preceding the filing of this complaint, Plaintiff typically worked over 40 hours in a work week.

## IV.  COUNT ONE – FLSA OVERTIME VIOLATION

18. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 17 above as if fully set forth herein.

19. During the three years preceding the filing of this Complaint, Defendant was an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

20. During the three years preceding the filing of this Complaint, Defendant has been a company whose employees, including the Plaintiff, have been engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

21. Defendant's gross annual volume of revenue exceeds $500,000.

22. At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

23. During the three years preceding the filing of this Complaint, Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

24. Plaintiff was engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant.

25. During the three years preceding the filing of this Complaint, Defendant recorded Plaintiff's hours worked in excess of 40 hours for a work week on at least one or more occasion.

26. Defendant failed to pay Plaintiff for all hours worked in excess of 40 hours in a work week.

27. As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V.     COUNT TWO – FLSA MINIMUM WAGE

28. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 27 above as if fully set forth herein.

29. Plaintiff worked over 26.82 hours during the work week that ended on July 7, 2017.

30. Defendant failed to pay Plaintiff the federally mandated minimum wage for the final week of her employment, July 7, 2017.

31. Because of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of the federally mandated minimum wage for all the hours she worked.

## VI.    COUNT THREE: WORK AND LABOR DONE

32.     Plaintiff incorporates by reference each of the allegations contained in paragraphs 1-31 above.

33.     Between November 8, 2016 and July 7, 2017, Plaintiff did work and labor for the Defendant at the Defendant's request.

34.     Defendant has failed or refused to pay for said work and labor.

35.     Defendant had knowledge of Plaintiff's work and labor and has refused to compensate Plaintiff for such work and labor.

WHEREFORE, Plaintiff demands judgment against Defendant in a sum to be determined by the trier of fact, plus interest and costs.

## VII.   PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following relief:

A.  The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.  That this Court award Plaintiff the amount of her unpaid wages, plus interests and costs;

C.  That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.  All such other and further relief as this Court deems equitable, proper and just.

Kira Fonteneau

Allen D. Arnold

OF COUNSEL
Fonteneau & Arnold LLC
2151 Highland Avenue South, Suite 205
Birmingham, Alabama 35205
T: 205.252.1550 F:205.502.4476

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

OF COUNSEL

**PLEASE SERVE DEFENDANT(S) AT:**
TEACH ME BEAUTY LLC
Jennifer Sides
3419 Colonnade Pkwy, Suite 100
Birmingham , Alabama 35243